BIXLEY v. WORMLY ET AL.

1. **Evidence:** INTEREST OF WITNESS: ADMINISTRATOR. Where the son had received from his father a sum of money to defray the expenses of a trip, which amount the father had borrowed, and afterward had paid him certain amounts because he considered it his duty to repay him the amount of the obligation incurred, *held*, that the son was not disqualified by reason of interest from testifying in an action for the money by the lender's administrators.

WEDNESDAY, OCTOBER 18.

*Appeal from Benton Circuit Court.*

ACTION in equity for specific performance of a contract. The defendants' intestate, one S. C. Breese, sold to plaintiff certain lots in Grimesville, Iowa, upon which a steam sawmill was situated, and gave plaintiff a bond for a deed. Plaintiff claims that he fully paid for said lots, and prays that the

defendants, as administrators of said Breese's estate, be decreed to execute to him a deed.

The defendants deny that full payment has been made and pray for judgment for balance; also, for a certain sum loaned to plaintiff by Breese.

Decree for plaintiff.   Defendants appeal.

*G. R. Struble*, for appellants.

*E. S. Johnson*, for appellee.

ADAMS, J.—I.   As to the money alleged to have been loaned to plaintiff by Breese, one F. C. Bixley, plaintiff's son, was allowed to testify, against the defendants' objection, that Breese told him that the money was repaid.   The defendants claimed that the evidence showed that the witness was obligated to pay the money, and should not have been allowed to testify as to conversations with Breese.

1. EVIDENCE: interest of witness: administrator.

The money was borrowed to defray the expenses of a certain company to Montana, composed of the plaintiff, the witness, F. C. Bixley, and others.   The witness said: " My interest in this $111.00 was that I had been letting father have money from my earnings for settling it; I was one of the company going to the mountains, and was interested in the payment of the debt to Breese; I went out for father; was a minor; felt it my duty to help pay his indebtedness; after returning I earned money and paid it to father; never told father, particularly, to apply my earnings on this indebtedness; I considered it my duty to pay one-third of it."

The defendants aver that the money was loaned to plaintiff. They do not aver that F. C. Bixley was jointly liable with him, nor do we think that the evidence shows that he was.   F. C. Bixley was interested in helping his father pay the debt, not because it was his own debt, but his father's debt.   If, indeed, F. C. Bixley became indebted by reason of his sharing in the money, we think it was to his father, who alone had borrowed it of Breese.   As evidence of this, it appears that all payments (if they can be called such) made by F. C. Bixley

were made to his father. We do not think that the testimony could properly have been excluded upon the ground that the witness was interested. Another objection, however, is now made to it; the plaintiff did not plead payment. The objection would have been good if it had been made at the proper time; but it is made for the first time in the appellate court, and we cannot reverse the case upon that ground.

II. The appellants contend that the evidence does not support the findings of the referee upon the question as to payment for the lots, but we are of the opinion that it does. There is some conflict of evidence, and it does not leave our minds entirely free from doubt, but the case cannot be tried here *de novo*, as appellant claims, and there being some evidence that payment was made, as claimed by plaintiff, the decree of the Circuit Court must be

AFFIRMED.